IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT COURT--CIVIL DIVISION: "__"

KYRA ALEJANDRO,  
    Petitioner,  
vs.  
PALM BEACH STATE COLLEGE,  
    Respondent.  
_____/

Case no.: 50 2011 CA 0 0 3 0 8  XXXX

Expedited Review Requested

COPY
RECEIVED FOR FILING
MAR 14 2011
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

### VERIFIED MOTION FOR TEMPORARY INJUNCTION

COMES NOW, Kyra Alejandro, the petitioner, by and through her undersigned attorney, pursuant to Fla. R. of Civ. Pro., Rule 1.610, and moves this Honorable Court for the entry of an order granting the petitioner's motion for a preliminary injunction allowing her to bring her service animal to Palm Beach State College's campus and attend classes with her service animal. As grounds for this motion, the petitioner asserts the following:

### JURISDICTIONAL STATEMENT

1. This is an action for the equitable remedy of a temporary injunction.

2. The petitioner resides in Palm Beach County, Florida.

3. The petitioner is a student at Palm Beach State College.

4. The respondent's campus is located in Palm Beach County, Florida.

5. The petitioner has a recognized disorder under the American's with Disabilities Act. (42 U.S.C. §§ 12181-12189)

6. This Honorable Court has jurisdiction to issue a preliminary injunction.



1



## FACTUAL STATEMENT

7. The petitioner has attended Palm Beach State College since 2007.

8. The petitioner has used a service dog for a number of years so that she could fully participate in her education.

9. During the petitioner's college career, the respondent never challenged the petitioner's use of a service animal on campus.

10. The petitioner graduated from college, and during the ceremonies, the petitioner's service animal "walked" with the petitioner to accept her degree.

11. Following graduation, the petitioner elected to enroll in another semester at the respondent's college.

12. The petitioner is presently attending classes at the Palm Beach State College. However, in February, 2011, the college circulated an email advising the staff not to allow the petitioner to attend classes with her service dog.

13. The respondent later orally told Ms. Alejandro that the dog would not be allowed to come on to campus.

14. The respondent discriminated against the petitioner on the basis of the petitioner's disability.

15. On March 14, 2011, the petitioner went to class, with her service dog, but was escorted off campus by one of the respondent's deans.

16. The petitioner cannot bring her service animal on campus, or she is in reasonable fear that she will be once again escorted off of campus, should she bring her service dog to classes with her.

17. The petitioner is precluded from fully participating in her education because of the respondent's act of refusing to allow the petitioner to bring her service animal to class.

18. A temporary injunction is necessary to protect the petitioner form the threatened harm.

Wherefore, the petitioner, Kyra Alejandro, moves this Honorable Court to enter an Order enjoining the respondent, Palm Beach State College, from preventing the petitioner from attending classes with her service animal and granting such other and further relief as the circumstances may warrant.

## MEMORANDUM OF LAW IN SUPPORT
## OF THE PETIONER'S MOTION FOR INJUNCTIVE RELIEF

Florida Rules of Civil Procedure, Rule 1.610, states the following:

(a) Temporary Injunction.

(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:

(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.

(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.

(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

(c) Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding, on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

(d) Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.

4

### I. *Under The Rule, The Petitioner's Motion Should Be Granted*

"A temporary injunction may be granted only if the movant establishes (1) a likelihood of irreparable harm; (2) unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction." *Masters Freight, Inc. v. Servco, Inc.*, 915 So. 2d 666, 666 (Fla. DCA 2005)

*A. The Petitioner Can Demonstrate "Irreparable Harm" If Her Motion Is Not Granted.*

The respondent's discriminatory act, based upon the petitioner's disability, precludes the petitioner from fully participating in her education. The prohibited discriminatory act cause "irreparable harm" by not allowing the petitioner to fully participate in her education.

*B. The Petitioner Has No Alternative "Adequate Legal Remedy"*

The filing of a suit, by the petitioner, for the respondent's prohibited discriminatory act, would not afford the petitioner an adequate legal remedy—attending this semester—but would merely give her a monetary award should she prevail at trial.

*C. The Petitioner Is Likely To Prevail "On The Merits."*

The petitioner, in this case, is likely to prevail on the merits. The petitioner has a recognized mental disorder and otherwise satisfies the requirements to travel with her service animal at a public accommodation.

*D. Public Policy Supports Allowing Petitioner To Continue Her Education Without Disruption.*

The petitioner is in the middle of the semester. Denying her service animal admission to the campus disrupts the petitioner's ability to learn. On the other hand, the college, by allowing her

5

service animal to attend classes with her for years, has waived any claim that her service dog presents a disruption to the college's business.

Respectfully Submitted,

*/s/ David Casals*

David Casals
325 Clematis Street, Suite 321
West Palm Beach, Florida, 33401
Telephone: (561) 818-0008
FBN: 0284830
Attorney for Kyra Alejandro

3-17-2011

Under penalties of perjury, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

*/s/ Kyra Alejandro*

Kyra Alejandro, Petitioner

STATE OF FLORIDA
PALM BEACH COUNTY

BEFORE ME personally appeared Kyra Alejandro who, being by me first duly sworn, executed the foregoing in my presence and state to me that the facts alleged therein are true and correct according to her own personal knowledge.

*/s/ DiShawn Woods*

Notary Public
My commission expires:

Notary Public State of Florida
DiShawn Woods
My Commission EE040190
Expires 11/04/2014